demand the conclusion, as matter of law, that the plaintiff assumed the risk of operating the car without the trolley wheel. He had been in the employment of the defendant corporation only three months, and testified that he did not know that the trolley pole was bolted onto the top of the car loosely, so that, if it caught in the wire, the pole would pull out, rather than pull out the wire. He was not warned by the starter of the existence of any danger that the pole might come down upon him, but was merely told to be careful not to pull the wire down in going around curves or over crossings. If it appeared without contradiction that the servant knew the character of the appliances, and the dangers to be incurred, and the method of operating them in their incomplete or defective condition, it would have to be held as matter of law that he assumed the risk of exposing himself to such dangers. Walters v. Fuller Co., 74 App. Div. 389, 395, 77 N. Y. Supp. 681. Upon the proof in the present case, however, I think the question whether the plaintiff assumed the risk of such an accident as actually occurred could not be determined as matter of law, but was properly submitted to the jury.

The only other point requiring notice is the claim that the damages were excessive. The appellant, however, is not in a position to raise this question, as there is no appeal from an order denying a motion for a new trial. See Blohm v. Bamber (City Ct. Brook.) 10 N. Y. Supp. 98.

I think the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

<hr />

(89 App. Div. 361.)

### FERRIS v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. STREET RAILWAYS—PASSENGERS BOARDING CAR AFTER SIGNAL TO START.

    An instruction that, if plaintiff tried to board defendant's street car after the conductor had given the signal to start, and just before the car started, defendant was not liable for the conductor's pushing plaintiff off, is properly refused, because ignoring the questions of plaintiff's knowledge, or means of knowledge, that a signal to start had been given, and of any negligence of plaintiff.

Appeal from Municipal Court of New York.

·    Action by Frances Ferris against the Interurban Street Railway Company. From a judgment on a verdict for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Wm. E. Weaver, for appellant.

William Bondy, for respondent.

HIRSCHBERG, J. The appellant presents but one point for the consideration of the court, claiming that there was error involved in a refusal to charge the jury as requested. The plaintiff was attempting to board one of the defendant's cars on Twenty-Third street at

the East River Ferry in the borough of Manhattan. The car was standing still, but the conductor testified that he had given the signal to start, to which, for some reason, the motorman had not responded. The car was not full, and there was nothing in the appearance of things, as presented to the plaintiff, to indicate that she would not be received upon it as a passenger. As she stood on the lower step in the process of entering the car, the conductor, according to her story, commanded her to take another car, and at the same time shoved her so that she fell against the dashboard and received injuries for which she has recovered the judgment appealed from.

The court was requested on the defendant's behalf to charge the jury "that, if they find that she tried to board the car after the conductor had given the signal, and just before the car started in response to that signal, why then the defendant is not liable, and their verdict must be for the defendant." The request does not embody any recognized rule of law, and was properly refused. It takes no note of the question of the plaintiff's knowledge, or means of knowledge, of the fact that a signal had been given to start the car, nor does it include any suggestion bearing even remotely upon the consideration of the plaintiff's possible negligence. As an abstract proposition of law it asserts that there can be no liability for an assault upon the person of a passenger, or for any other act of negligence, if the passenger boards the car while apparently invited to do so, but after a signal had in fact been given to start the car, but given without his knowledge and without effect. In other words, freedom from liability is predicated absolutely upon the fact of the signal, and wholly independent of all the surrounding facts and circumstances. A statement of the alleged proposition of law included in the request seems a sufficient refutation of its accuracy and soundness. The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.